## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. BARBARA ANN WHITEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-22-486-G |
| | ) | |
| 1. JOHN RYAN THEOBALT and | ) | JURY TRIAL DEMANDED |
| 2. LINDAMOOD HEAVY HAULING, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Barbara Ann Whiteman, (hereinafter referred to as "Plaintiff") by and through her attorneys of record, for her Complaint Against Defendants John Ryan Theobalt and Lindamood Heavy Hauling Inc. alleges as follows:

## I.  PARTIES

1.1     Plaintiff, Barbara Ann Whiteman is a resident and citizen of Oklahoma. She brings this negligence action on behalf of herself.

1.2      Defendant, John Ryan Theobalt is resident and citizen of Texas, and can be served with process at: 920 Bells Chapel Circle, Waxahacie, Texas 75165.

1.3      Defendant, Lindamood Heavy Hauling Inc. is a Texas corporation with its principal offices located in Irving, Texas, and at all times material hereto was authorized and was doing business in the state of Oklahoma. Defendant may be served with process by serving: Kayla Lindamood, 2020 South Nursery Road, Irving, TX 75060.

## II.  JURISDICTION & VENUE

2.1.    The district court has jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Plaintiff Barbara Ann Whiteman is a citizen of the state of Oklahoma. Defendant John Ryan Theobalt is a citizen of Texas. Defendant Lindamood Heavy Hauling Inc. is a corporation incorporated under the laws of Texas, with its principal place of business being in the state of Texas.

2.2    Venue is properly before this Court under 28 USC §1391(b)(2), as a substantial part of the events giving rise to this claim occurred in this district.

## III. BACKGROUND

3.1    On or about June 12, 2020, Defendant John Ryan Theobalt was negligent in the operation of a 2017 semi-truck and trailer. While operating the vehicle, John Ryan Theobalt made an improper lane change and collided with the Plaintiff Barbara Ann Whiteman's vehicle causing significant physical injury and property damage to the Plaintiff. Defendant, John Ryan Theobalt, was an employee of Defendant, Lindamood Heavy Hauling Inc., and was operating the vehicle as part of his employment with Defendant, Lindamood Heavy Hauling Inc. The Defendants' negligence proximately caused Plaintiff's personal injuries and damages as more thoroughly described herein. Therefore, Plaintiff brings suit on the following grounds.

## IV. CAUSES OF ACTION: DEFENDANT, JOHN RYAN THEOBALT AND LINDAMOOD HEAVY HAULING, INC.

4.1    Defendant, John Ryan Theobalt, was negligent in his actions and/or

omissions in operating a motor vehicle. Specifically, Defendant, John Ryan Theobalt, was negligent in, but not limited to, the following manners:

      a.  Failing to use ordinary care in operating a motor vehicle;

      b.  Failing to maintain a proper lookout for other vehicles and/or persons;

      c.  Failing to operate the vehicle in a reasonably attentive manner;

      d.  Failing to travel at a speed safe for road conditions;

      e.  Failing to properly change lanes; and

      f.  Failing to maintain a proper distance between his semi-truck and trailer and Plaintiff's vehicle.

4.2    Defendant's acts and/or omissions constitute a failure to use due care as described above. Defendant's failure to use care was a proximate and producing cause of Plaintiff's injuries and damages ad described more thoroughly herein. Defendant is therefore liable to Plaintiff for his personal injures and damages sustained as a direct result of Defendant's negligence.

4.3    Defendant, Lindamood Heavy Hauling Inc., is legally responsible to Plaintiff for the negligent conduct of Defendant, John Ryan Theobalt, under the legal doctrine of *respondeat superior* as Defendant, John Ryan Theobalt, was at all times material hereto an employee of Lindamood Heavy Hauling, Inc. and was acting within the course and scope of such employment at all times relevant to this matter. As a result thereof, Defendant, Lindamood Heavy Hauling, Inc., is liable for all negligent acts of Defendant, John Ryan Theobalt.

## V. CAUSE OF ACTION: DEFENDANT, LINDAMOOD HEAVY HAULING, INC.

5.1    Defendant, Lindamood Heavy Hauling, Inc. was negligent in the following, but not limited to, manners:

    a.  Failing in its duty to properly maintain its trailers for use by its employees;

    b.  Failing to adequately repair the trailer despite having knowledge of the problems with the trailer;

    c.  Defendant owed a legal duty of care to Plaintiff and its employees concerning the maintenance of the trailer. Lindamood Heavy Hauling, Inc. breached its duty of care in that the trailer's condition contributed to Plaintiff's injuries and the Defendant, Lindamood Heavy Hauling, Inc. knew, or should have known, of the foreseeable consequences of ailing to adequately maintain the trailers;

    d.  Defendant, Lindamood Heavy Hauling, Inc. failed to properly train and/or supervise John Ryan Theobalt; and

    e.  Defendant, Lindamood Heavy Hauling, Inc. knew, or should have known, that Defendant, John Ryan Theobalt, was operating the vehicle negligently and that he was not properly trained and/or supervised yet entrusted him with the operation of the trailer despite the likeliness of injury to other persons and/or property.

## VI. GENERAL DAMAGES

6.2     As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered damages allowed by law for personal injuries in an amount in excess of $75,000.

6.3     As a further result of Defendant's negligence, Plaintiff, Barbara Ann Whiteman, has suffered serious and permanent personal injuries. Plaintiff, Barbara Ann Whiteman, suffered the following damages:

    a.   Medical expenses incurred in the past;

    b.   Future medical expenses;

    c.   Loss of Earning Capacity;

    d.   Temporary and permanent physical injury;

    e.   Past physical pain and mental anguish;

    f.   Future physical pain and mental anguish;

    g.   Past loss of quality of life; and

    h.   Future loss of quality of life.

## VII. PUNITIVE DAMAGES

7.1     Plaintiff incorporates herein by reference Paragraphs 1 through 7.2, inclusive, of this Complaint.

7.2     Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death. Defendants

caused substantial personal injury to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendants, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

7.2     Plaintiff seeks exemplary damages pursuant to Plaintiff seeks the imposition of punitive or exemplary damages from Defendants without limitation as imposed by Oklahoma law under 23 O.S. §9.1.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court issue citation to Defendants to answer, and upon a trail by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney fees, and any and all such other and further relief the Court deems just and equitable.

Respectfully Submitted,


*s/Kevin S. Locke*
James J. Taylor, OBA #8867
Kevin S. Locke, OBA #14769
Thomas B. Corbin, OBA #16445
Nicholas L. Massey, OBA #30399
TAYLOR, LUCAS, LOCKE & CORBIN
1132 N. Broadway Drive
Oklahoma City, OK 73103
(405) 232-8585 Telephone
(405) 232-8588 Facsimile
kevin.locke@taylorlucas.com
ATTORNEYS FOR PLAINTIFFS


**ATTORNEY'S LIEN CLAIMED**


## **CERTIFICATE OF MAILING**

I hereby certify that on this 22nd day of June, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Thomas A. Paruolo, OBA #18442
Cody A. Reihs, OBA #34291
P.O. Box 138800
Oklahoma City, Oklahoma 73113
(405) 705-3600 Telephone
(405) 705-2573 Facsimile
tom@46legal.com
creihs@46legal.com
*Attorneys for Defendants*


s/Kevin S. Locke